IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SERGIO JOEL CRUZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-587-SMY |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

**Yandle, District Judge:**

Pending before the Court is Petitioner Sergio Joel Cruz's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 1). For the following reasons, Cruz's motion is **DENIED**.

### Factual and Procedural Background

Cruz was indicted on April 29, 2003 of conspiracy to distribute in excess of 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and criminal forfeiture as provided by 21 U.S.C. § 853 (Count 2). *See United States v. Cruz*, 03-cr-30045-SMY-4 at Doc. 25 ("criminal case"). He pleaded guilty to Count 1 and was sentenced on December 8, 2003 to 262 months of incarceration and 5 years of supervised release, to run consecutive to a sentence imposed in two Western District of Texas cases, EP-99-CR-823H and EP-01-CR-1251ECP. Count 2 was dismissed.

Cruz subsequently filed a number of habeas petitions pursuant to 28 U.S.C. § 2241 and/or § 2255 that were dismissed. *See Cruz v. United States Attorney General*, 05-cv-316-WDS, Doc. 4; *Cruz v. United States*, 09-cv-906-WDS, Doc. 16; and, *Cruz v. United States*, 13-cv-1016-WDS,

Doc. 4.  However, in an Order entered on August 9, 2018, the undersigned granted his "Motion to Vacate, Set, Aside, or Correct Sentence" filed on November 23, 2015.  The Court concluded that Cruz was entitled to a sentence reduction in light of the Seventh Circuit Court of Appeal's ruling in *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018) (finding that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), holding that the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness, also applied to an identical section in the relevant Sentencing Guidelines under which Cruz was sentenced).  *See Cruz v. United States*, 15-cv-1299-SMY, Doc. 21.  Thus, Cruz's sentence was reduced to time served (the new Guidelines range was 140-175 months of incarceration, and Cruz had already served 189 months as of the date of the reduction).

In reducing the term of incarceration only, this Court noted that "[n]either party suggests that the remainder of the sentence previously imposed (including the imposition of a five-year term of supervised release) is improper." *Cruz v. United States*, 15-cv-1299-SMY, Doc. 21.  An Amended Judgment was entered in Cruz's criminal case on August 13, 2018, reflecting a sentence of time served followed by 5 years of supervised release.  U*nited States v. Cruz*, 03-cr-30045-SMY-4, Doc. 196.  Cruz did not take a direct appeal.  Instead, on June 18, 2020, he filed this action seeking collateral review of his amended sentence under 28 U.S.C. § 2255 and asserting that he was unaware of the supervised release portion of his amended sentence.

## Discussion

Pursuant to Rule 4 of the Rules Governing § 2255 cases, if it plainly appears from the motion, any attached exhibits and records of prior proceedings that the moving party is not entitled to relief, the Court must summarily dismiss the motion.  Consistent with that Rule, this Court finds that Cruz is not entitled to relief.

Section 2255(f) imposes a one-year period of limitations for filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered an Amended Judgment on August 13, 2018 and Cruz did not appeal his amended sentence. Thus, the Amended Judgment became final 14 days after it was entered. 28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b)(1)(A). Cruz's § 2255 motion, filed almost 2 years after his judgment of conviction was final, is clearly untimely.

The § 2255 limitations period is procedural and can be equitably tolled in certain exceptional circumstances. *Holland v. Florida,* 560 U.S. 631, 645, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999). Specifically, equitable tolling is available if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649. "Equitable tolling is an extraordinary remedy" and "is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Cruz argues that his petition should be considered because he is not a lawyer and is unfamiliar with the law. But a petitioner's lack of legal expertise is not a basis for invoking equitable tolling. *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (collecting cases).

Because Cruz has not demonstrated that extraordinary circumstances beyond his control prevented his timely habeas petition, the one-year statute of limitations is not equitably tolled. Accordingly, Cruz's petition is **DENIED**. This action is **DISMISSED with prejudice** and judgment shall be entered accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of

appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Cruz must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Here, Cruz has not demonstrated that reasonable jurists would disagree as to the Court's timeliness determination. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED: July 8, 2020**

**STACI M. YANDLE**
**United States District Judge**